UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELIZABETH MEDINA, an individual,<br><br>Petitioner,<br><br>vs.<br><br>SEIU - UNITED HEALTHCARE WORKERS WEST; and DOES 1 through 25, inclusive,<br><br>Respondents. | Case No: C 13-00858 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO REMAND OR TRANSFER VENUE**<br><br>Dkt. 4, 20 |

Petitioner Elizabeth Medina ("Medina") filed a Verified Petition of Writ of Mandate in the Alameda County Superior Court seeking to compel Respondent SEIU-United Healthcare Workers West ("the Union") to arbitrate her grievance against Kaiser Permanente ("Kaiser"). The Union removed the action on the grounds that Medina's claim is preempted by § 301 of the Labor Management Relations Act ("LMRA") and/or § 9 of the National Labor Relations Act ("NLRA"). See 28 U.S.C. § 1441(a).

The parties are presently before the Court on: (1) Medina's Motion to Remand or Transfer Venue, Dkt. 20; and (2) the Union's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 4. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion to remand or transfer and GRANTS the motion to dismiss with leave to amend. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. FACTUAL SUMMARY

On July 16, 2010, Medina's employment was terminated by Kaiser in Fresno, California, while she was on medical leave. Verified Pet. for Writ of Mandate ("Pet.") ¶ 7, Dkt. 1. At the time of her termination, Medina was a member of the Union, which had previously entered into a collective bargaining agreement ("CBA") with Kaiser. Id. ¶¶ 4-5.[1] The CBA's Grievance and Arbitration Procedure specifies a four-step process. Boiegues Decl. Ex. 1 (CBA § 1095), Dkt. 23-1. If the grievance remains unresolved after the completion of Step Three of that process, the grieving party may "seek to appeal the grievance to arbitration." CBA § 1101.D.

The Union submitted a grievance on behalf of Medina to challenge her separation. Pet. ¶ 7. After appealing the grievance through Step Three, the Union notified Medina in writing on November 15, 2010 that it was not going to pursue her appeal at Step Four, i.e., arbitration. Id. ¶ 8; Medina Decl. Ex. 5(i), Dkt. 13-1; Pet. ¶ 8. The letter advised Medina of her right to appeal the Union's decision by submitting a written appeal to the Kaiser Division Steward Council Appeal Board ("Appeal Board"). Pet. ¶ 16; Medina Decl. Ex. 5(i).

Medina appealed the Union's refusal to represent her at arbitration. Pet. ¶ 9. The Appeal Board rendered a decision in her favor on December 10, 2010. Id. ¶ 10. On December 17, 2010, the Appeal Board informed Medina that the Union would calendar the matter for arbitration and notify her of the date, time and location where the arbitration would be heard. Id. ¶ 10. According to Medina, however, for the last two years the Union has "stalled, delayed, made misrepresentations and never calendared the matter for arbitration[.]" Id. ¶ 11. In addition, she claims that instead of scheduling the arbitration as

---

[1] The CBA recognizes the Union as the exclusive collective bargaining agent representing employees in the bargaining unit. CBA § 113.A.

directed by the Appeal Board, the Union has set the matter "for additional 'appeal' hearings at the Union level[.]" Id. ¶ 17.[2]

### B. PROCEDURAL HISTORY

On February 7, 2013, Medina filed the instant Petition against the Union in the Alameda County Superior Court. Dkt. 1. The Petition alleges a single cause of action under California Code of Civil Procedure §§ 1085 (traditional mandamus) and 1094.5 (administrative mandamus). The gist of said claim is that the Union has acted contrary to law, in excess of its authority and abused its discretion in refusing to schedule the arbitration as ordered by the Appeal Board. E.g., Pet. ¶ 17. As relief, Medina seeks an order compelling the Union to proceed with the arbitration and to refrain from scheduling any other "appeal hearings" concerning the matter of whether the Union is required to represent her at the arbitration. Id. at 5.

On February 26, 2013, the Union removed the action to this Court on the grounds that Medina's claim is predicated on rights and duties arising under the CBA and therefore is preempted by the LMRA. In addition, the Union alleges that Medina's claim is preempted by the duty of fair representation, which is implied under § 9 of the National Labor Relations Act ("NRLA").

Two motions are now before the Court. First, Medina moves to remand, or alternatively, to transfer venue to the Eastern District of California under 28 U.S.C. § 1406(a) or § 1404(a). Second, the Union moves to dismiss the Petition for failure to state

---

[2] The nature of the "additional" appeal hearing is not explained in the Petition. However, in Medina's memorandum filed in support of her ex parte application for a temporary restraining order ("TRO"), Medina explains that in 2013, the Union scheduled a "do over" appeal hearing to again address the matter of whether the Union was obligated to represent her at the arbitration. Ex Parte Appl. at 10, Dkt. 14-1.

a claim, pursuant to Rule 12(b)(6). Both motions are fully briefed and are ripe for adjudication.[3]

## II. MOTION TO REMAND

### A. LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### B. REMOVAL JURISDICTION

Medina contends that removal jurisdiction is lacking and that the action must therefore be remanded to state court. The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. The "arising under" qualification of § 1331 confers jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law

---

[3] Petitioner's motion to remand is twenty-three pages long, well in excess of the fifteen page limit imposed by this Court's Standing Orders. See Dkt. 16 at 6. Petitioner neither sought nor was granted leave to file an oversized brief. Although the Court could have stricken Petitioner's motion, the Court, in the interest of expediting this case, will consider Petitioner's non-conforming brief. However, Petitioner is warned that any further such violations may result in the imposition of sanctions, up to and including dismissal of the action.

creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The Supreme Court has recognized an "independent corollary" to this rule known as the "complete preemption" doctrine. Id. at 393. This doctrine provides that the preemptive force of certain federal statutes is so "extraordinary" that it "'converts an ordinary common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered from its inception, a federal claim, and therefore arises under federal law." Id.

The complete preemption doctrine is most often applied to cases involving § 301 of the LMRA. Id. Section 301 confers jurisdiction in the federal district courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ." 29 U.S.C. § 185(a). Section 301 reflects the well-established federal policy of applying a uniform body of law to disputes arising out of labor contracts. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-10 (1985). By enacting the LMRA, Congress specifically intended that actions alleging labor contract violations be brought under § 301 and resolved solely by reference to federal law. Id.

State law causes of action generally are preempted by the LMRA in two situations. First, the LMRA preempts claims which are "founded on rights created by a collective bargaining agreement." Stikes v. Chevron U.S.A., Inc., 914 F.2d 1265, 1268 (9th Cir. 1990). Second, preemption applies where resolution of the state law cause of action is "substantially dependent" upon an interpretation of the agreement. See Allis-Chalmers Corp., 471 U.S. at 220. "[N]ot every dispute concerning employment, or tangentially

- 5 -

involving a provision of the collective bargaining agreement, is preempted by § 301 or other provisions of federal labor law." Allis-Chalmers Corp., 471 U.S. at 211. Rather, in order for there to be preemption, resolution of the state law claim must require the interpretation of the collective bargaining agreement. Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993).

In the instant case, the Union properly removed the action on the grounds that Medina's claim is founded on rights created by the CBA, or alternatively, substantially dependent on the CBA. In her Petition, Medina expressly alleges that the Union has "a duty to comply with the collective bargaining agreement," and that the Union has abridged such duty by refusing to arbitrate her grievance. Pet. ¶¶ 16-17. Medina further alleges that "[w]ithout the requested relief, Petitioner and the public will be irreparably harmed in that Respondents will continue to violate the rights of Petitioner and the public by denying access to rights under the collective bargaining agreement." Id. ¶ 18. In view of these allegations, the Court finds that Medina's claim against the Union is founded—or at least is substantially dependent—on rights conferred by the CBA. As such, the Union had a right to remove the action on the grounds of LMRA preemption.[4] The Court therefore DENIES Medina's motion to remand.

### C. TRANSFER OF VENUE

Medina contends, as an alternative to remanding the action, that the Court should transfer venue to the "Central District Federal Court, Fresno Division," pursuant to 28 U.S.C. § 1406(a), or alternatively, § 1404(a). Mot. to Remand at 21. There is no federal court known as the "Central District Federal Court, Division." Nonetheless, the Court

---

[4] The Union also asserts that removal was proper on the grounds that Medina's mandamus claim is an artfully pled claim for breach of the duty of fair representation. Although the Ninth Circuit has held that preemption under § 7 and § 8 of the NLRA is not a basis for removal, see Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1397 (9th Cir. 1988), it has not yet addressed the matter of preemption under § 9, which is at issue here, see Saenz v. Kaiser Permanente Intern., No. C 09-5562 PJH, 2010 WL 668038, *5 (N.D. Cal., Feb. 19, 2010). Since the presence of removal jurisdiction is clear under the LMRA, the Court need not reach the issue of whether § 9 of the NLRA provides an independent basis for removal.

presumes that since Medina was employed by Kaiser in Fresno, she is referring to the Fresno Division of the Eastern District of California.

Under 28 U.S.C. § 1406(a), the Court may dismiss or transfer an action where venue is improper. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). In federal question cases, venue is proper in the following districts: (1) where all defendants reside in the same state, a district where any defendant resides; (2) a district in which a substantial part of the events or omissions on which the claim is based occurred; or (3) if there is no district in which the action may otherwise be brought, the district in which any defendant may be found. 28 U.S.C. § 1391(b).

Medina contends, without citation to any authority, that venue is improper in this District. This contention is meritless. As Medina readily acknowledges, the Union is headquartered in this District. As such, venue is proper. See Beauperthuy v. 24 Hour Fitness USA, Inc., No. C 06-0715-SC, 2012 WL 3757486, *6 (N.D. Cal. July 5, 2012) ("24 Hour resides in the Northern District of California because its corporate headquarters are located in San Ramon, California, a city within this district"). Moreover, Medina's claim of improper venue is belied by the fact that she filed her lawsuit in Alameda County Superior Court, which lies within the Northern District of California. See 28 U.S.C. § 84(a).[5] Medina completely ignores these critical facts, and instead, spends six pages of her unauthorized, oversized brief complaining that venue is improper because the Union's counsel refused to explain to her how to serve the Union. See Mot. to Remand at 16-22. Whether or not the Union was forthcoming, however, has no bearing on whether venue is proper under 28 U.S.C. § 1391(b).

Medina's request to transfer venue under 28 U.S.C. § 1404(a) fares no better. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[5] Indeed, in her Petition, Medina alleges that: "Venue is proper in this Court because Defendant is located here and has and continues to require Petitioner to attend hearings in Oakland, California in Alameda County." Pet. ¶ 3.

1 where it might have been brought." The moving party has the burden of showing a "clear balance of inconveniences" against it if the action remains in the original venue. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Medina fails to make such a showing. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (setting forth factors relevant to a § 1404(a) transfer. In any event, given that Medina chose to commence her lawsuit *in this District*, it strains credulity for her to now suggest that Fresno is a more convenient forum.

In sum, the Court finds that Medina has failed to demonstrate that a transfer of venue to the Fresno Division of the Eastern District of California is warranted under either 28 U.S.C. § 1406(a) or § 1404(a). Therefore, the Court DENIES Medina's alternative motion to transfer.

### III. MOTION TO DISMISS

#### A. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed under Rule 12(b)(6) for failure to state a cognizable legal theory or insufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not

possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).[6]

### B. CHARACTERIZATION OF MEDINA'S CLAIM

The threshold issue presented pertains to the appropriate characterization of Medina's claim against the Union. The Union contends that Medina's claim is a disguised federal claim for breach of the duty of fair representation because she is alleging that the Union violated its duties under the CBA with respect to its handling of her grievance. Medina denies that she is a alleging a breach of the duty of fair representation and instead asserts that she is seeking mandamus relief under California law. Opp'n at 16-17.

The starting point for the Court's analysis is the "well-pleaded complaint" rule, which "makes the plaintiff the master of the claim" and provides that "he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A narrow corollary to the well-pleaded complaint rule is the "artful pleading doctrine," which provides that "a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996) (quoting Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)).[7] Under the artful pleading doctrine, a court may "recharacterize a plaintiff's claims as federal if the particular conduct complained of is

---

[6] Both parties inappropriately cite and rely on extrinsic evidence and matters that are outside of the pleadings which cannot be considered on a Rule 12(b)(6) motion to dismiss. For example, the Union contends that the exhibits attached to the declarations filed in support of Petitioner's ex parte application for a TRO may be considered on a motion to dismiss as "attachments to Plaintiff's Complaint." Mot. at 2 n.2. The Union cites no authority to support such an assertion, which is plainly incorrect. Likewise, Medina's opposition liberally cites to the declarations previously submitted in connection with her TRO application. The parties are admonished to frame their arguments consistent with the limitations germane to the particular Federal Rule of Civil Procedure under which the motion is brought and shall refrain from making sarcastic and hyperbolic remarks in their respective briefs.

[7] As noted, even if a state law claim is not artfully pleaded, it may give rise to federal jurisdiction where it is completely preempted by federal law. Id. at 344-45.

governed exclusively by federal law." Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990) (internal quotations and alterations omitted).

The duty of fair representation is implied under the scheme of the NRLA and is "imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985). The duty of fair representation requires the exclusive bargaining representative "to serve the interests of all members without hostility or discrimination toward any." Vaca v. Sipes, 386 U.S. 171, 177 (1967) (internal quotations omitted). "The federal statutory duty which unions owe their members to represent them fairly also displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative." Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008). Thus, to successfully bring a non-preempted state law claim against a union, a union member "must make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship." Id. Such duties must stem not from the union's general duty of fair representation, but from some other source, such as an express provision of a contract. Id. at 539-40.

Here, the duty that forms the basis of this action emanates directly from the union-employee relationship, as established in the CBA. See CBA § 113.A (recognizing that the Union as the employees' "exclusive collective bargaining agent"). Medina alleges that under the terms of the CBA, she has a right to arbitration after completing the first three steps of the grievance process. Pet. ¶ 16. She further claims that only the Union has the ability to schedule the arbitration, id. ¶ 17, and that the Union's refusal to do so is "denying [her] access to rights under the [CBA] . . . ." From these allegations it is readily apparent that Medina's claim is based upon duties allegedly owed to her by the Union by virtue of its role as her exclusive collective bargaining representative. Were it otherwise, Medina would be able to proceed with the arbitration on her own, without the Union—which Medina acknowledges she cannot do. Pet. ¶ 17.

Medina insists that her case "is not about interpreting a Collective Bargaining Agreement" or "a union's breach of the duty of fair representation contained in federal law." Opp'n at 4. Rather, Medina characterizes her claim as a "'breach of contract challenge' or a 'tort case' (figuratively speaking)," ostensibly arising from the Union's alleged failure to comply with its "Constitution & Bylaws." Id. at 4-5. Setting aside the vague and conclusory nature of Medina's reference to the Union's "Constitution & Bylaws," the Court notes that there are no allegations in the Petition to that effect. As such, Medina's apparent attempt to predicate the Union's duty to her on sources *other than* the union-employee relationship is unavailing. See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("'new' allegations contained in the [plaintiff]'s opposition . . . are irrelevant for Rule 12(b)(6) purposes."). In sum, the Court finds that Medina's mandamus claim should be recharacterized as a claim for breach of the duty of fair representation. Having so concluded, the Court now addresses whether Medina's allegations are sufficient to state such a claim.

### C. SUFFICIENCY OF MEDINA'S ALLEGATIONS

To state a claim for breach of the duty of fair representation, a plaintiff must allege that his union's conduct was "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190. A two-step analysis determines whether a union has breached the duty of fair representation. Wellman v. Writers Guild of Am., W., Inc., 146 F.3d 666, 670 (9th Cir. 1998). First, the court must determine whether the alleged misconduct involves the union's judgment, or whether it was ministerial or procedural. Id. If the conduct is ministerial or procedural in nature, plaintiff must establish that the challenged act or omission was arbitrary, discriminatory, or in bad faith. Id. If, on the other hand, the conduct involves the union's judgment, the plaintiff may prevail only if the conduct is discriminatory or in bad faith. Id.

Neither side disputes that the Union's refusal to schedule the arbitration presents a question of judgment, as opposed to ministerial or procedural act. Thus, the question becomes whether Petitioner has alleged facts sufficient to show that the Union's actions

were discriminatory or in bad faith. Id. "To establish that the union's exercise of judgment was discriminatory, a plaintiff must adduce 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" Beck v. United Food and Commercial Workers Union, Local 99, 506 F.3d 874, 880 (9th Cir. 2007) (quoting in part Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am. v. Lockridge, 403 U.S. 274, 301 (1971)). In contrast, to establish bad faith, "the plaintiff must show substantial evidence of fraud, deceitful action or dishonest conduct." Id. (internal quotations omitted).

As noted, Medina's claim against the Union is based on its failure to schedule the arbitration in contravention to the ruling of the Appeal Board and its allegedly obfuscatory actions in failing to comply with the Appeal Board's ruling. Pet. ¶ 17. Though Medina alleges that the Union has provided "inconsistent information" and "misinform[ed]" the NLRB regarding the status of her grievance proceedings, she alleges no facts showing that the Union's exercise of its judgment was discriminatory or in bad faith, as defined in Beck. In the absence of such factual allegations, Medina cannot state a plausible claim for breach of the duty of fair representation. The Court therefore GRANTS the Union's motion to dismiss and GRANTS Medina leave to amend to cure the deficiencies discussed above.

### D. SETTLEMENT CONFERENCE

Although this case is in its embryonic stage, the parties, by all accounts, appear to have expended considerable time and resources in litigating this case. In addition, the parties' papers evince an unacceptable level of acrimony between Medina and the Union. Thus, before the parties become mired in protracted litigation, the Court directs the parties to engage in a good faith effort to resolve their dispute without further litigation. To facilitate the settlement process, the Court refers the instant action to Magistrate Judge Donna Ryu for a further settlement conference.

### IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Medina's Motion to Remand or Transfer (Dkt. 4) is DENIED.

2. The Union's Motion to Dismiss (Dkt. 20) is GRANTED.

3. Medina has twenty-one (21) days from the date this Order is filed to file a First Amended Complaint, consistent with the Court's rulings. Medina is advised that any additional factual allegations set forth in her amended pleading must be made in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure.

4. This matter is REFERRED to Magistrate Judge Donna Ryu for a mandatory settlement conference to take place within sixty (60) days of the date this Order is filed, or as soon thereafter as Magistrate Judge Ryu is able to schedule the matter.

5. The telephonic Case Management Conference currently scheduled for June 27, 2013 is CONTINUED to July 21, 2013 at 3:15 p.m. Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Medina shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date. Medina's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

6. This Order terminates Docket No. 4 and 20.

IT IS SO ORDERED.

Dated: June 20, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge